UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELMER J. MARTINEZ MURILLO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02327 |
| | § | |
| RAYMOND THOMPSON, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Elmer J. Martinez Murillo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials.  Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention.  Doc. Nos. 1, 1-1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection in 2022.  Doc. No. 1-1 at 9.  Petitioner does not plead facts to show that

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 2

he has been lawfully admitted into the United States, and he does not so contend. He has been detained for less than a month to date.

Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Thus, his detention is mandated *by statute*. Accordingly, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

Therefore, the Court **ORDERS** as follows:

1.  The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2.  All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this _____31st_____ day of March 2026.

_____

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE
